UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 5:14-cr-37-7 |
| | ) | |
| v. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| JAMES ALEXANDER BROWN, | ) | |
| Defendant. | ) | By:  Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on Defendant James Alexander Brown's Motion to Dismiss the Indictment for Speedy Trial Violation ("Motion"). ECF No. 248. The Motion was referred to the undersigned Magistrate Judge for the preparation of a report and recommendation to District Judge Urbanski pursuant to 28 U.S.C. § 636(b)(1)(B). The Court held a hearing on October 15, 2015.

## FINDINGS OF FACT

1. On October 16, 2014, the Government obtained an Indictment in this case that alleged multiple controlled substance offenses against five defendants. Brown was not a named defendant. Initial appearances and arraignments were held and a jury trial was scheduled for January 26, 2015.

2. On January 15, 2015, the United States brought a Superseding Indictment, naming Brown and eight other defendants. Brown is charged in one count with conspiracy to distribute and to possess with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 91. Following the filing of the Superseding Indictment, the jury trial was rescheduled to begin on March 2, 2015. ECF No. 144.

2. On February 18, 2105, Brown was arrested and an initial appearance and Rule 5(c)(3) hearing were held in the District of Maryland. The following day, Brown waived, without

1

prejudice, his right to a detention hearing and was committed to the Western District of Virginia. ECF No. 183.

3. On March 2, 2015, before Brown appeared in the Western District of Virginia, a Codefendant, Jonathan Travis McClain, filed a motion to continue the trial date. ECF No. 162. As grounds for the continuance, McClain's counsel stated that he required additional time to prepare for trial. He also represented that McClain was willing to "waive speedy trial."

4. On March 10, 2015, the Court granted the motion to continue the trial. The Court noted that the Indictment alleged a multi-defendant, multi-count drug conspiracy and money laundering operation. Finding that defense counsel required a continuance so that he could adequately prepare for trial, the Court determined that the ends of justice served by granting the continuance outweighed the interests of the public and the defendants in a speedy trial, U.S.C. § 3161(h)(7)(A). The Court did not mention McClain's purported waiver of speedy trial. ECF No. 197.

5. The jury trial was rescheduled to begin on November 2, 2015. ECF No. 198.

6. Also on March 10, the Court held Brown's initial appearance, arraignment, and detention hearing. Brown did not seek release at that time and was detained. ECF Nos. 199, 201. Brown has since sought release twice, but the Court has denied his requests. ECF Nos. 215, 235.

7. None of the Defendants have filed a motion to sever so that one may proceed at a different time than the scheduled trial date.

8. At the hearing on the Motion, Deputy Clerk Jody Turner testified, under oath, that she scheduled the trial date after coordinating with counsel for the Defendants. Scheduling a new trial date was complicated by the number of defense attorneys in this case and the fact that some of those attorneys were counsel of record in another case in this District, *United States v. Mathis*,

3:14-cr-16, which was scheduled for a multi-week trial beginning in May 2015. The first date that suited all counsel and that fit the Court's calendar was November 2, 2015. According to the computer system used by the Clerk's Office to calculate speedy trial time, the period from March 10 to November 2, 2015, was excluded under the Speedy Trial Act. Ex. 1.

9. According to the docket sheet, counsel for four of the Defendants in this case, including Brown, are, or at the time Judge Urbanski granted the continuance were, also counsel of record in *United States v. Mathis*. Trial in that matter was scheduled for May 5–22, 2015. ECF No. 239.

## CONCLUSIONS OF LAW

1. The Speedy Trial Act ("Act"), 18 U.S.C. §§ 3161–3174, requires that a defendant be brought to trial within 70 days of the filing of an indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c). Certain periods of delay are not counted toward the speedy trial time. *See* 18 U.S.C. § 3161(h). The ends-of-justice continuance provision of the Act "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interest in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498–99 (2006).

2. District Judge Urbanski granted McClain's motion to continue after conducting an ends-of-justice analysis. In a written order, Judge Urbanski "put [his] findings on the record at … the time when [he] grant[ed] the continuance." *Zedner*, 547 U.S. at 507 n.7. Rather than relying on McClain's purported waiver, Judge Urbanski considered the need for counsel to prepare effectively for trial and determined that the need, which would be served by granting a continuance, outweighed the interests of the public and the Defendants in a speedy trial. *See*

*United States v. Henry*, 538 U.S. 300, 304 (4th Cir. 2008) (quoting *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994)) ("it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'"). Judge Urbanski properly balanced the relevant factors under the Act. Accordingly, the time from the grant of the continuance to the trial date was excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(7)(A).

3. Brown's initial appearance in this District was held on March 10, 2015, the same day the Court granted McClain's motion to continue and set a trial date of November 2, 2015. As Deputy Clerk Turner testified, this entire period is excluded from the speedy trial time under the Act.

4. Brown does not challenge Judge Urbanski's ends-of-justice analysis or the granting of the continuance. Rather, his counsel argues that Brown was upset because he was not consulted about the date selected for trial, which was more than 70 days from his initial appearance in this District. The Court is sympathetic to Brown's frustration. He has been detained since February awaiting trial. The fact that he did not agree to the trial date, however, does not affect the speedy trial calculation. The Court must consult with counsel for a defendant and the Government to set a trial date. 18 U.S.C. § 3161(a). The Act does not otherwise require the Court to seek a defendant's input. Indeed, even if a defendant wanted to waive his right to speedy trial, that prospective waiver would have no affect as it is not allowed under the Act. *See Zedner*, 547 U.S. at 503. Moreover, because the Court rescheduled the trial after granting an ends-of-justice continuance, the period since Brown's initial appearance and up until the trial, even though it has exceeded 70 days, is excluded from speedy trial time under the Act.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the District Judge deny the motion to dismiss.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: October 16, 2015

Joel C. Hoppe
United States Magistrate Judge